**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID LEE HILL, | No. 13-15799 |
| Petitioner - Appellant, | D.C. No. 4:11-cv-04793-YGR |
| v. | |
| TIM V. VIRGA, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted December 9, 2014
San Francisco, California

Before: O'SCANNLAIN, FISHER, and HURWITZ, Circuit Judges.

David Hill appeals the district court's denial of his petition for habeas

corpus, brought pursuant to 28 U.S.C. § 2254. He argues that his rights under the

Confrontation Clause were violated by the admission of hearsay relied on by the

state's expert witness. Hill also argues that his Due Process rights were violated by

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the admission of the expert's testimony, the testimony of non-expert police officers, and evidence of gang crimes and shootings. Under the highly deferential standard of AEDPA, we cannot conclude that the California Court of Appeal unreasonably denied Hill's claims.

The Supreme Court has not clearly established that the admission of out-of-court statements relied on by an expert violates the Confrontation Clause. *See Williams v. Illinois*, 132 S.Ct. 2221, 2228 (2012) (plurality opinion) (concluding that the statements at issue were not offered for their truth or were not testimonial); *id*. at 2247–48 (Breyer, J., concurring) (describing a doctrinal division regarding whether expert basis testimony is "testimonial"); *id*. at 2255 (Thomas, J., concurring in judgment) (concluding the statements at issue were not testimonial).

Further, the state court was not unreasonable in concluding that Hill's Due Process rights were not violated. Under the strict standards of AEDPA, the state court's ruling was not an unreasonable application of clearly established Supreme Court precedent. *See Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (explaining the Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ [of habeas corpus]").

**AFFIRMED**.